IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**HERMAN MICHAEL CLEMONS**                                            **PLAINTIFF**
**#21-0192**

v.                            Case No. 2:21-cv-00123-KGB

**JUANITA MILLS, Police Officer,**
**Helena-West Helena Police Department**                              **DEFENDANT**

## ORDER

Before the Court is status of this case. Plaintiff Herman Michael Clemons, currently an inmate at the Phillips County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983 against Helena-West Helena Police Department and Police Officer Juanita Mills (Dkt. No. 2). On March 21, 2021, the Court granted Mr. Clemons' motion for leave to proceed *in forma pauperis* and screened Mr. Clemons' complaint pursuant to the Prison Litigation Reform Act ("PLRA") and *in forma pauperis* statute (Dkt. No. 3). The Court advised Mr. Clemons that his complaint failed to state a claim on which relief may be granted and gave him the opportunity to file an amended complaint to cure the pleading deficiencies (*Id*.). Mr. Clemons has filed his amended complaint (Dkt. No. 4), and it is ripe for this Court's review.

   I.   **Screening**

Under the Prison Litigation Reform Act ("PLRA"), the Court must screen Mr. Clemons' amended complaint to determine whether it is legally frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that

nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty.*, S.C., 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II.    Mr. Clemons' Amended Complaint**

In his amended complaint, Mr. Clemons abandons the Helena-West Helena Police Department as a defendant and sues only Officer Mills in her official capacity (Dkt. No. 4). The facts supporting his claims, however, remain the same as previously recited and examined in this Court's prior Order (Dkt. No. 3). According to Mr. Clemons, on July 28, 2021, Phillips County Jail Administrator Jeff Heagwood emailed Phillips County Court Clerk Linda Hayden on Mr. Clemons' behalf to ask if Mr. Clemons could get a court date to see if he "could be granted rehab/or probation for [his] remaining sentence" (*Id.*, at 4). Mr. Clemons alleges that Ms. Hayden said to

"bring him [Mr. Clemons] in the morning, July 29, 2021." (*Id.*). Mr. Clemons alleges that, on the morning of July 29, 2021, Mr. Heagwood contacted the Helena-West Helena Police Department to set up the transport but that the Department refused to take Mr. Clemons to court (*Id.*). Mr. Clemons explains that on the following court date, August 3, 2021, Mr. Heagwood again attempted to arrange transport for Mr. Clemons to get to court but was told by Officer Mills that neither she nor the Department would be transporting him anywhere (*Id.*). According to Mr. Clemons, Officer Mills then added, "Clemons wants to see the Judge[,] the judge doesn't want to see Clemons," and hung up the phone (*Id.*, at 5). Mr. Clemons seeks damages (*Id.*).

Mr. Clemons has not cured any of the deficiencies identified with his first complaint. Mr. Clemons in his amended complaint brings only an official capacity claim against Officer Mills. As explained by the Court in the first screening Order, "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Mr. Clemons' official capacity claim against Officer Mills is the equivalent of a claim against the municipality employing her. Further, to establish municipal liability, Mr. Clemons must identify a policy, practice, or custom attributable to the municipality and show that the policy, practice, or custom directly caused his alleged constitutional injury. *See Davis v. White*, 794 F.3d 1008, 1014 (8th Cir. 2015) (finding plaintiff "failed to present evidence showing how the Police Department's allegedly poor record keeping directly caused his injury."). A municipality may also be liable for "failure to adopt or follow a needed policy or practice," and to make such a claim, "a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized." *Id.* (*citing Russell v. Hennepin Cnty.*, 420 F.3d 841, 949 (8th Cir. 2005)).

Mr. Clemons' amended complaint is silent as to any claim that a municipal policy, practice, or custom was the driving force behind any alleged injury. Accordingly, Mr. Clemons' complaint fails to state an official capacity claim against Officer Mills.

### III. Conclusion

It is therefore ordered that:

1. Mr. Clemons' amended complaint is dismissed without prejudice for failure to state a claim on which relief may be granted (Dkt. No. 4).

2. The Court denies as moot Mr. Clemons' second motion for leave to proceed *in forma pauperis* (Dkt. No. 5).

2. The Court recommends this dismissal count as a "strike" within the meaning of 28 U.S.C. §1915(g).

3. The Court certifies, pursuant to 28 U.S.C.§1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 17th day of January, 2023.

Kristine G. Baker
United States District Judge